```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT

Derrick Smythe,                    :
          Petitioner,              :
                                   :
     v.                            :      File No. 1:02-CR-71-4
                                   :
United States of America,          :
          Respondent.              :
```

OPINION AND ORDER
(Paper 160)

Petitioner Derrick Smythe, proceeding *pro se*, has petitioned the Court for post-sentencing relief under 18 U.S.C. § 3582(c)(2) (Paper 160).  Smythe is seeking re-sentencing based upon allegedly extraordinary post-sentencing rehabilitation.  For the reasons set forth below, Smith's motion for reconsideration is DENIED.

Smythe's petition states that on June 12, 2003, he entered a plea of guilty to one count of conspiracy to distribute cocaine.  On or about December 2003, he arrived at the Allenwood Medium FCI "and promptly started to better his overall life."  His activities have allegedly included taking a truck driver's class, an overall G.E.D. class, a special math class, and nearly 400 hours of carpentry vocational training.

Smythe now appears to argue that an amendment to the sentencing guidelines is applicable to his sentence under U.S.S.G. § 1B1.10, and that he is entitled to a sentence

reduction under 18 U.S.C. § 3582(c)(2).    The Second Circuit has determined, however, that § 3582(c)(2) is inapplicable to post-sentencing considerations.  <u>See</u> <u>Quesada-Mosquera v. United States</u>, 243 F.3d 685, 686-87 (2d Cir. 2001), <u>cert.</u> <u>denied</u>, 534 U.S. 872 (2001).  In <u>Quesada-Mosquera</u>, the defendant, who was convicted of conspiracy to distribute cocaine in 1995, argued that he was entitled to re-sentencing under § 3582(c)(2) due to his post-sentencing rehabilitation.  243 F.3d at 686.  The court, in affirming the denial of the motion, first found that when determining "whether the [applicable] amendment would have lowered the range, the judge must consider the facts about the defendant as they existed at the time of his original sentencing."  <u>Id.</u> Consequently, the court held that "[p]ost-sentencing efforts at rehabilitation are irrelevant to whether the amendment would have lowered the sentencing range under which the defendant was originally sentenced.  Therefore, those efforts could not constitute grounds for asking a court to resentence a defendant under 18 U.S.C. § 3582(c)(2)."  <u>Id.</u>; <u>see</u> <u>also</u> <u>United States v. Dicks</u>, 2006 WL 1438524, at *2 (D. Conn. May 23, 2006).

Here, Smythe seeks relief based solely upon his post-sentencing rehabilitation.  Because, as the Second Circuit has clearly held, post-sentencing rehabilitation is

irrelevant to a motion brought pursuant to § 3582(c)(2), his motion for reduction of sentence is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of October, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge